UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MOUSSA DIA,

                Petitioner,                    Case No. 1:26-cv-692

v.                                    Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.
,_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.5–6.)

In an Order entered on March 4, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on March 9, 2026

(ECF No. 6), and Petitioner filed his reply on March 12, 2026 (ECF No. 7).

## II.    Relevant Factual Background

Petitioner is a native and citizen of Senegal who entered the United States in 2023. (Pet.,

ECF No. 1, PageID.3.) On December 24, 2025, Petitioner was detained by ICE. (*Id.*)

On January 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention

without a bond hearing in *Dia v. Raycraft* (*Dia I*), No. 1:26-cv-151 (W.D. Mich.). In *Dia I*, the

Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a)

within five business days of the date of the Court's Opinion and Judgment or, in the alternative,

immediately release Petitioner from custody. Op. & Jud., *Dia I*, (W.D. Mich. Jan. 30, 2026), (ECF

Nos. 6, 7.).

On February 5, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF

No. 1-1, PageID.9.) At that hearing, "Petitioner provided community support letters." (*Id.*) In the

Order of the Immigration Judge, the Order specifically states: "Respondent has not established he

does not present a flight risk."  (Immigration Judge Order, ECF No. 1-1, PageID.9.) At the

conclusion of the February 5, 2026, hearing, the immigration judge denied Petitioner's request for

bond because Petitioner "present[s] a flight risk." (*Id.*)

## III.    Discussion

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of

jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina*

*v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth

in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Acting Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the Department of Homeland Security as a Respondent.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an

immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the Department of Homeland Security as a Respondent.

Dated:   March 18, 2026                        /s/ Jane M. Beckering
                                               Jane M. Beckering
                                               United States District Judge

4