UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MOUSSA DIA,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-692

Honorable Jane M. Beckering

## **ORDER**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center in Baldwin, Lake County, Michigan, initiated this action on March 2, 2026, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) In an Opinion and Judgment entered on March 18, 2026, the Court conditionally granted Petitioner's § 2241 petition. (Op. & J., ECF Nos. 8, 9.) This matter is now before the Court on Petitioner's motion to enforce the Court's prior Judgment (ECF No. 10). For the following reasons, the Court will grant Petitioner's motion to enforce judgment (ECF No. 10).

## I.    **Relevant Procedural History and Factual Background**

Petitioner initiated this case by filing a § 2241 petition challenging the constitutionality of his detention and arguing that a bond hearing that he was provided in the Detroit Immigration Court was constitutionally deficient. (Pet., ECF No. 1.) In an Opinion and Judgment entered on March 18, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to, *inter alia*:

> [P]rovide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days of the date of this judgment and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.

(Op. & J., ECF Nos. 8, 9.)

On March 24, 2026, Petitioner was provided with a bond hearing in the Detroit Immigration Court. (Status Report, ECF No. 11, PageID.168.) At that hearing, the Immigration Judge determined that "DHS established by clear and convincing evidence that [Petitioner] is a flight risk." (Order Immigration Judge, ECF No. 11-1, PageID.171.)

On March 24, 2026, Petitioner filed a motion to enforce judgment. (Mot., ECF No. 10.) In the motion to enforce judgment, Petitioner argues that the notice Petitioner's counsel received from Respondents regarding the March 24, 2026, bond hearing did not comply with the Court's March 18, 2026, Judgment. (*Id*., PageID.62.) Specifically, Petitioner asserts that Respondents sent a notice to Petitioner's counsel on March 19, 2026, which incorrectly stated that Petitioner's bond hearing was scheduled to take place on February 19, 2026. (*Id*.; Notice, ECF No. 10-1, PageID.69.) The bond hearing took place on March 24, 2026. (Mot., ECF No. 10, PageID.62.) Additionally, Petitioner argues that Respondents failed to establish by clear and convincing evidence that Petitioner was a flight risk, and that the Immigration Judge failed to provide any analysis as to how Respondents established by clear and convincing evidence that Petitioner was a flight risk. (*Id*., PageID.62−63.)

Also on March 24, 2026, Petitioner initiated a new case by filing a § 2241 petition. *Dia v. Raycraft* (*Dia II*), No. 1:26-cv-963 (W.D. Mich.). In that petition, Petitioner presents the same arguments that Petitioner makes in Petitioner's motion to enforce judgment in the instant case. Pet., *Dia II*, (W.D. Mich. Mar. 24, 2026), (ECF No. 1). In *Dia II*, Respondents filed their response

and a recording of the March 24, 2026, bond hearing on April 2, 2026. Resp. & Recording of Mar. 24, 2026, Bond Hearing, filed on Apr. 2, 2026, *Dia II*, (W.D. Mich. Apr. 2, 2026), (ECF No. 5). Respondents then incorporated by reference their petition response in *Dia II* as their response to Petitioner's motion to enforce judgment in the instant case. (Resp., ECF No. 12, PageID.173.) In the response in *Dia II*, Respondents acknowledge that the notice sent to Petitioner's counsel on March 19, 2026, incorrectly stated that Petitioner's bond hearing was scheduled for February 19, 2026. Resp., *Dia II*, (W.D. Mich. Apr. 2, 2026), (ECF No. 5, PageID.117–118). Respondents note that Petitioner and Petitioner's counsel appeared at the March 24, 2026, bond hearing. *Id.*, (PageID.118).

In *Dia II*, the Court entered an Order on April 24, 2026, directing Respondents to submit a written sur-reply describing what, if any, steps were taken to correct the inaccurate notice given to Petitioner's counsel. Order, *Dia II*, (W.D. Mich. Apr. 24, 2026), (ECF No. 7). On April 28, 2026, Respondents submitted the requested sur-reply. Sur-Reply, *Dia II*, (W.D. Mich. Apr. 28, 2026), (ECF No. 8). In the sur-reply, Respondents stated that other than the inaccurate notice sent to Petitioner's counsel on March 19, 2026, "no additional hearing notices were sent to Petitioner's counsel or uploaded to [the Executive Office for Immigration Review] Courts & Appeals System ('ECAS')." *Id.*, (PageID.145). Respondents noted that a docket sheet showing upcoming hearings was sent to North Lake Processing Center and that Respondents' "North Lake contacts, in turn, were to notify Petitioner of the Scheduled Hearing." *Id.*, (PageID.146). But Respondents concede that they "have nothing to indicate Petitioner's counsel was notified of the updated hearing date except for her appearance at the March 24, 2026 bond hearing." *Id.*

## II.    Discussion

In the motion to enforce judgment, Petitioner asserts, *inter alia*, that Respondents did not comply with the 24-hour notice requirement of the Court's March 18, 2026, Judgment. (Mot., ECF

3

No. 10, PageID.62.) The parties do not dispute that Respondents sent notice of Petitioner's bond hearing to Petitioner's counsel on March 19, 2026, which incorrectly stated that Petitioner's bond hearing was scheduled to take place on February 19, 2026. (*See* Notice, ECF No. 10-1, PageID.69.) Respondents concede that they "have nothing to indicate Petitioner's counsel was notified of the updated hearing date . . . ." Sur-Reply, *Dia II*, (W.D. Mich. Apr. 28, 2026), (ECF No. 8, PageID.146). In light of this, there is nothing in the record before the Court to indicate that Respondents complied with the notice requirement of the Court's March 18, 2026 judgment, which directed Respondents to provide notice to Petitioner "as soon as practicable, no later than 24 hours prior to the scheduled hearing . . . ." (J., ECF No. 9.)

Accordingly:

**IT IS HEREBY ORDERED** that Petitioner's motion to enforce judgment is GRANTED (ECF No. 10).

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's Order, with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody

**IT IS FURTHER ORDERED** that Respondents shall file a status report within six business days of the date of this Court's Order to certify compliance with this Order. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      May 8, 2026                    /s/ Jane M. Beckering
                                           Jane M. Beckering
                                           United States District Judge

4